124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie LAREN, Plaintiff-Appellant,
v.
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
Defendant-Appellee.
 No. 96-17048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1997.**
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Peter A. Nowinski, Magistrate Judge, Presiding
 Before: ALDISERT,*** CHOY and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Marie Larsen appeals the district court's summary judgment affirming the Commissioner of the Social Security Administration's (Commissioner) denial of her application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment affirming denial of Social Security benefits. See Moncada v. Chater, 50 F.3d 521, 523 (9th Cir, 1995) (per curiam). We must affirm if substantial evidence supports the findings of the administrative law judge (ALJ) and the ALJ applied the correct legal standards. See id.
 
 
 4
 Larsen contends that the ALJ erred by rejecting her treating physician's January 10, 1994 written assessment of her capacity for work as of September 30, 1987. We disagree.
 
 
 5
 An ALJ may reject the opinion of a treating physician if the ALJ provides "clear and convincing reasons that are supported by the record as a whole." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995).
 
 
 6
 Here, the ALJ rejected the treating physician's retrospective assessment because it was not substantiated by the treating physician's more contemporary reports. See id. at 1433 (noting that ALJ may disregard treating physician's retrospective assessment where it "was not substantiated by medical evidence relevant to the period in question"). The treating physician's November 3, 1986 report stated that Larsen's primary complaint was pain in her left ankle, not her right knee, and that Larsen had merely modified her level of activity to avoid excessive standing, squatting, or twisting of the ankle. This report made no mention of any of the permanent physical limitations stated in the retrospective assessment. Another report dated April 16, 1997 indicated that Larsen had tolerated several surgical procedures on her knee! without difficulty, and made no mention of permanent physical limitations. Thus, the ALJ could properly reject the treating physician's retrospective opinion that Larsen was permanently disabled in 1987. See id.
 
 
 7
 The ALJ also reasoned that the retrospective assessment was inconsistent with the more contemporary reports of two specialists who examined Larsen on the treating physician's referral. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (holding that treating physician's opinion may be disregarded in favor of examining physician's opinion where specific, legitimate reasons are given for doing so). The only physical limitations mentioned in the report of the specialist who examined Larsen in September of 1986 were that her knee locked while she was gardening, and that she had difficulty when walking on uneven ground or grass. The May 23, 19990 report of another examining physician indicated that Larsen's physical functioning was remarkably good.
 
 
 8
 The ALJ provided specific, legitimate reasons for disregarding the treating physician's retrospective assessment that Larsen was permanently disabled on or prior to September 30, 1987. See Johnson, 60 F.3d at 830; Moncada, 60 F.3d at 523.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3